IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEG TECHNOLOGIES, INC., and KURT HORGER, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | No. 1:04-CV-0253-RWS |
| REINHART LAIMER, SEWER EQUIPMENT CORPORATION, LAIMER UNICON, LLC and SMK ROHRSDORF GmbH, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## LAIMER DEFENDANTS' MOTION TO DISMISS PATENT INFRINGEMENT AND MISAPPROPRIATION OF TRADE SECRETS CLAIMS

COME NOW Defendants Reinhart Laimer, Sewer Equipment Corporation, and Laimer Unicon, LLC (the "Laimer Defendants"), and, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and Local Rule 7.1, hereby move for entry of an order dismissing the patent infringement claim (Count I) and the misappropriation of trade secrets claim (Count V) that Plaintiffs KEG Technologies, Inc. and Kurt Horger have asserted against the Laimer Defendants in the "Second Amended Complaint For Injunctive Relief and Damages" (the

"Complaint") filed on January 19, 2005, for lack of standing and for failure to state a claim upon which relief can be granted.

The patent infringement claim in Count I of the Complaint should be dismissed because, as a matter of law, Plaintiffs do not have standing to assert a claim for patent infringement in the absence of the other co-owner of the patents-in-suit -- Hans Lutze.

The misappropriation of trade secrets claim in Count V of the Complaint should be dismissed because Plaintiffs have failed to properly allege the necessary elements of a trade secret claim, namely, that the information Plaintiffs contend was misappropriated satisfies the statutory definition of a "trade secret" under O.C.G.A. § 10-1-761(4).

WHEREFORE, the Laimer Defendants respectfully request that the Court dismiss Plaintiffs' patent infringement claim in Count I and Plaintiffs' misappropriation of trade secrets claim in Count V against the Laimer Defendants.

Respectfully submitted, this 16th day of December, 2005.

**BYRNE, DAVIS & HICKS, P.C.**

By:/s/John H. Patteson, Jr.
   John H. Patteson, Jr.
   Georgia Bar No.: 566530

Attorneys for the Laimer Defendants

Tower Place 100, Suite 1460
3340 Peachtree Road, NE
Atlanta, Georgia 30326
Phone: (404)364-1460
Fax: (404)266-7272

## Certificate of Electronic Service

I hereby certify that the foregoing **LAIMER DEFENDANTS'
MOTION TO DISMISS PATENT INFRINGEMENT AND
MISAPPROPRIATION OF TRADE SECRETS CLAIMS** was served on
counsel of record through filing in the CM/ECF system.

This 16th day of December, 2005.

By:/s/John H. Patteson, Jr.
John H. Patteson, Jr.
Georgia Bar No.: 566530

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEG TECHNOLOGIES, INC., and<br>KURT HORGER,<br><br>Plaintiffs,<br><br>v.<br><br>REINHART LAIMER, SEWER<br>EQUIPMENT CORPORATION,<br>LAIMER UNICON, LLC and<br>SMK ROHRSDORF GmbH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br><br>No. 1:04-CV-0253-RWS |

**BRIEF IN SUPPORT OF LAIMER DEFENDANTS'
MOTION TO DISMISS PATENT INFRINGEMENT AND
MISAPPROPRIATION OF TRADE SECRETS CLAIMS**

COME NOW Defendants Reinhart Laimer, Sewer Equipment Corporation, and Laimer Unicon, LLC (the "Laimer Defendants") and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and Local Rule 7.1, file this Brief In Support Of Laimer Defendants' Motion To Dismiss Plaintiffs' Patent Infringement and Misappropriation of Trade Secrets Claims.

INTRODUCTION

Plaintiffs KEG Technologies, Inc. ("KEG") and Kurt Hörger (collectively, "Plaintiffs") have asserted a patent infringement claim against the Laimer Defendants in Count I and a misappropriation of trade secrets claim in Count V of their "Second Amended Complaint for Injunctive Relief and Damages" filed on January 19, 2005 (the "Complaint"). The allegations in these two counts are insufficient to support these claims, and no judgment based on these allegations could withstand appeal. The patent infringement claim should be dismissed because, as a matter of law, Plaintiffs KEG and Kurt Horger do not have standing to assert a claim for patent infringement in the absence of the other co-owner of the patents-in-suit -- Hans Lutze. The misappropriation of trade secrets claim should be dismissed because Plaintiffs have failed to properly allege the necessary elements of a trade secret claim, namely, that the information Plaintiffs contend was misappropriated satisfies the statutory definition of a "trade secret" under O.C.G.A. § 10-1-761(4).

As shown below, because these claims fail as a matter of law, Count I should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted and Count V should be dismissed failure to state a claim upon which relief can be granted .

## FACTUAL BACKGROUND

Count I of the Complaint alleges that the Laimer Defendants engaged in activities that constitute willful direct infringement, contributory infringement and/or inducement of infringement of certain patents pursuant to the patent laws, 35 U.S.C. §271 et seq. Complaint, ¶¶ 46-50.  The patents alleged to be infringed are U.S. Patent No. 6,089,243 (issued on July 18, 2000) -- a hydrodynamic tool for cleaning pipes and channels, and U.S. Patent No. 5,992,432 (issued on Nov. 30, 1999) -- a hydrodynamic nozzle for cleaning pipes and channels (the "Patents"). Complaint, ¶ 12.

Plaintiffs allege that Plaintiff Kurt Hörger is a **co**-owner and **co**-inventor of the Patents.  Complaint, ¶ 12.  As is made clear by the patents referred to and incorporated into the Complaint at Paragraph 12, Hans Lutze, who is not a party to this action, is the other co-owner and co-inventor of the Patents.  See U.S. Patent Nos. 6,089,243 and 5,992,432  (attached to Plaintiffs' first "Verified Complaint for Injunctive Relief and Damages" as Exhibits A and B).   Plaintiffs further allege that KEG holds the exclusive distribution rights for the Patents in the United States.  Complaint, ¶ 13.  These allegations are insufficient to confer standing for Plaintiffs to bring their patent claims and the claims must be dismissed for failure to state a claim.

3

<u>Misappropriation of Trade Secrets</u>

Count V of the Complaint alleges that the Laimer Defendants "willfully and maliciously used for their own purposes the KEG Computer, computer files, product samples, customer lists, financial information, design drawings, pricing and profit margin information, and production elements and design layout of the KEG catalogue."  Complaint, ¶ 64.  Plaintiffs then allege that the foregoing are protected "trade secrets" as defined by O.C.G.A. § 10-1-761(4) because "[s]uch information derives economic value from not being generally known to others and was the subject of reasonable efforts to maintain its secrecy, including without limitation, binding contractual agreements between KEG, Laimer and Laimer Unicon."  Complaint, ¶ 65.  Plaintiffs, however, fail to allege two essential elements of the statutory definition of a "trade secret":  (1) that the allegedly misappropriated information derives economic value by not being generally known to other persons <u>who can obtain economic value from its disclosure or use</u>, and (2) that the allegedly misappropriated information was not ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.  <u>See</u> O.C.G.A. § 10-1-761(4)(a). Further, Plaintiffs fail to adequately plead facts to support their legal conclusion that the allegedly misappropriated information "was the subject of reasonable efforts to maintain its secrecy" which is an additional

element of the definition of a "trade secret" required by O.C.G.A. § 10-1-761(4)(b).  As such, Plaintiffs have failed to properly plead the essential elements of the statutory definition of a "trade secret" and this failure demands the immediate dismissal of Count V of the Complaint.

ARGUMENT AND CITATION OF AUTHORITY

This Court has entered a default order against the Laimer Defendants, and, after entertaining arguments from the Laimer Defendants' new counsel, has declined to set the default aside.  As shown below, however, the default does not prevent the Laimer Defendants from bringing their motion to dismiss.

First, the Court must consider the 12(b)(1) motion to dismiss the patent infringement claim in Count I for lack of standing because "[u]nder Article III, standing…is jurisdictional and not subject to waiver." Pandrol USA, LP v. Airboss Railway Products, Inc., 320 F.3d 1354, 1367 (Fed. Cir. 2003) citing Lewis v. Casey, 518 U.S. 343, 349 n. 1 (1996).  It is "well-established that any party, and even the court  sua sponte, can raise the issue of standing for the first time at any stage of the litigation, including appeal." Id.; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (emphasis added).

Further, "[t]he entry of a default order does not . . . preclude a party from challenging the sufficiency of the complaint." Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994) (citing Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed2d 124 (1989)); see also Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (A "defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. . . . On appeal, the defendant . . . is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.") This rule is no different when a default is entered as a discovery sanction. See Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (allowing sufficiency of the complaint to be challenged after entry of default as a discovery sanction).

Significantly, a default does not give the plaintiff an unfettered recovery. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., supra, 515 F.2d at 1204. Accordingly, a "court may grant only the relief for which a sufficient basis is asserted in the complaint." Patray v. Northwest Publishing, Inc., 931 F. Supp. 865, 869 (S.D.Ga. 1996). The defaulting defendant is "not held to admit

facts that are not well-pleaded or to admit conclusions of law."  <u>Nishimatsu</u>
<u>Constr. Co.</u>, <u>supra</u>, 515 F.2d at 1206.  Further, "the complaint <u>must state a cause of</u>
<u>action</u>.  In other words, judgment may be granted only for such relief as may
lawfully be granted upon the well-pleaded facts alleged in the complaint." <u>Pitts v.</u>
<u>Seneca Sports, Inc.</u>, 321 F. Supp.2d 1353 (S.D.Ga. 2004) (emphasis added and
internal quotation omitted).  Thus, "necessary facts not contained in the pleadings,
and claims which are not legally sufficient, are not established by the default."
<u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992)
(citation omitted).   Moreover, a pleading which may be sufficient to state a claim
at the outset of the case when additional evidence regarding the defendant's
liability could be introduced later at trial may not be sufficient to support a cause of
action on a default judgment where liability is established <u>solely</u> from the well-
pleaded factual allegations in the complaint.  <u>See</u>, <u>e.g.</u>, <u>Pitts</u>, <u>supra</u>, 321 F. Supp.  at
1358 (holding that complaint that was sufficient to satisfy the initial notice
pleading requirements of  Rule 8(a) was insufficient to set forth a cause of action
on which a default judgment could be based); <u>cf</u>. <u>Alan Neuman Prods., Inc.</u>, <u>supra</u>,
862 F.2d at 1393 (on a default under RICO claim, pleading requirements should be
"strictly enforced" because "[n]ot only is the monetary penalty for [the default]

greatly enhanced by the provisions for treble damages, but a defendant's reputation may be stigmatized").

As shown below, Plaintiffs lack standing and have failed and state a claim for patent infringement in Count I and Plaintiffs have failed to state a claim for misappropriation of trade secrets in Count V. Accordingly, these claims should be dismissed as to the Laimer Defendants.

I.  **Plaintiffs' Claim for Patent Infringement Fails as a Matter of Law For Lack of Standing Because Plaintiffs Failed To Join A Co-Owner Of The Patents**.

Patentees may bring an action for infringement to enforce a patent. 35 U.S.C. § 281 (2005). Exclusive licensees of a patent also may bring an action for infringement, but they are required to join the patent's owner in the claim. Sicom Sys. Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed. Cir. 2005). If an exclusive licensee does not join the patent owner in such a claim, the claim should be dismissed for lack of standing. Id. at 980.

Similarly, where a patent has multiple owners, no co-owner may bring an infringement action without joining all of the other co-owners. Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1466 (Fed. Cir. 1998); see also, Prima Tek II, L.L.C v. A-Roo Co. 222 F.3d 1372, 1374, 1377, 1382 (Fed. Cir. 2000) (patentee must be joined in any infringement suit brought by the exclusive licensee,

otherwise claim should be dismissed for lack of standing); Textile Prods. Inc. v.

Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir. 1998) (affirming the lower court's

dismissal of a patent infringement claim brought solely by exclusive licensee due

to lack of standing); accord Isr. Bio-Eng'g Project v. Amgen, Inc., 401 F.3d 1299,

1304-5 (Fed. Cir. 2005) (citing Ethicon); see also Adams v. Westminster Int'l Co.,

No. 98 Civ. 2489, 1999 WL 596272, at *3 (S.D.N.Y. Aug. 9, 1999).  Failure to

join all co-owners is fatal to the infringement claim and warrants immediate

dismissal. See Ethicon, 135 F.3d at 1468.

On a default, Plaintiffs can only recover on the well-pleaded allegations in

their Complaint.   Nishimatsu Construction Co., supra, at 1206 (5th Cir. 1975).  The

Patent Infringement claim in Count I, however, is not properly pled.  As shown

above, the failure of Plaintiffs to join a co-owner of the Patent, Hans Lutze, is fatal

to the infringement claim, thereby warranting its immediate dismissal.

**II.   Plaintiffs Have Failed To Properly Allege A Claim For
     Misappropriation of Trade Secrets.**

A claim for misappropriation of trade secrets in Georgia is governed by

statute, O.C.G.A. § 10-1-760, et. seq.  A threshold requirement for recovery of

damages for misappropriation under the statute is that the allegedly

misappropriated information be a "trade secret." O.C.G.A. § 10-1-763.  A trade

secret is defined by O.C.G.A. § 10-1-761(4):

> "Trade secret" means information without regard to form, including but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public <u>and</u> which information:
>
> (A)   Derives economic value, actual or potential, from not being generally known to, <u>and</u> not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; <u>and</u>
>
> (B)   Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

O.C.G.A. § 10-1-761(4) (emphasis added).   The Georgia Supreme Court has held that "[t]o be classified as a trade secret, the information in question (1) must not be ascertainable by proper means by persons who can benefit from its use and (2) must be the subject of reasonable efforts to maintain its secrecy." <u>Leo Publications v. Reid</u>, 265 Ga. 561, 562, 458 S.E.2d 651, 652 (1995) (citing O.C.G.A. § 10-1-761(4)).

In Count V of the Complaint, after listing the "information" in Paragraph 64 that Plaintiff alleges was misappropriated, Plaintiff then alleges this information was a "trade secret" because  because "[s]uch information derives economic value from not being generally known to others and was the subject of reasonable efforts to maintain its secrecy, including without limitation, binding contractual agreements between KEG, Laimer and Laimer Unicon."  Complaint, ¶ 65.

Plaintiff, however, completely fails to allege two essential elements of the statutory definition of a "trade secret":  (1) that the allegedly misappropriated information derives economic value by not being generally known to <u>other persons who can obtain economic value from its disclosure or use,</u> and (2) that the allegedly misappropriated information was <u>not ascertainable by proper means by other persons who can obtain economic value from its disclosure or use</u>.  See O.C.G.A. § 10-1-761(4)(A).   Further, in Paragraph 65, Plaintiffs fail to allege another element of the "trade secret" definition when Plaintiffs insufficiently supports their legal conclusion of "reasonable efforts to maintain its secrecy"  by referring <u>only</u> to "binding contractual agreements between KEG, Laimer and Laimer Unicon."  See O.C.G.A. §  10-1-761(4)(B).  These failures are fatal to Plaintiffs' misappropriation claim.

On a default, a plaintiff's failure to plead an essential element of a statutory claim warrants dismissal of that claim.   <u>See, e.g., Alan Neuman Productions v. Albright</u>, 862 F.2d 1388 (9th Cir. 1988) (reversing default judgment for plaintiff on RICO claims because the complaint failed to properly allege all elements of claims), <u>cert. denied</u>, 493 U.S. 858, 110 S.Ct. 168, 107 L.E.2d 124 (1989).  In addition, simply reciting portions of the statute in question and stating legal conclusions based thereon is insufficient to state a claim.  <u>See, e.g., See</u> <u>Cotton v.</u>

Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (holding that simple allegations that the defendant fell within statutory definition of a "fiduciary" on ERISA claim were not well-pleaded allegations sufficient to establish liability in wake of a default).

Further, Plaintiffs have failed to allege facts sufficient to support an inference that the essential elements of the definition of a "trade secret" have been pled. First, Plaintiffs' allegation in Paragraph 65 that "such information derives economic value from not being generally known to others" is far different from the from the statutory requirement that the information in question "derive economic value . . . from not being generally known to . . . other persons who can obtain economic value from its disclosure or use." Compare Complaint, ¶ 65 with O.C.G.A. § 10-1-761(4)(A)(emphasis added). Plaintiffs' allegation of "known to others" is broad and necessarily includes the public at large while the statutory requirement of "other people who can obtain economic value from its disclosure or use" refers to some subset of the public, in this case the sewer cleaning nozzle industry, which is quite small. Thus, simply because the information is not known generally by the public does not mean that it is not generally known by a much smaller group with an interest in such information. Indeed the clever pleader might be tempted to include the smaller, interested group in the larger group (the public)

to dilute the effect of the general knowledge of the information in the salient industry.  This is not to say that this was Plaintiffs' intention, however, on a default it is what Plaintiffs are now bound by.

Second, simply listing the allegedly misappropriated information in Paragraph  64 does not lead to the inference that such information is not readily ascertainable by proper means by persons who can benefit from its disclosure or use.  However, if such were the case, it would mean that these allegedly misappropriated items are per se trade secrets, thereby rendering the remaining statutory language of O.C.G.A. §  10-1-761(4) superfluous and a mere surplusage.  Such a result could not stand because "'[u]nder the rules of statutory construction, we must construe all related statutes together, give meaning to each part of the statute, and avoid constructions which result in surplusage and meaningless language.'" Velasquez v. State, ___ Ga ___, ___ S.E.2d ____, 2005 WL 31118126, *3  (Ga. App. November 23, 2005) (quoting Lawson v. State, 224 Ga. App 645, 647, 481 S.E.2d 856 (1997)).  Further, Plaintiffs have pled no facts which lead to the conclusion that the allegedly misappropriated information was not readily ascertainable by proper means by those who could benefit from its use.

Third, Plaintiffs' allegation of "binding contractual agreements between KEG, Laimer and Laimer Unicon" is, standing alone, an insufficient basis to

13

conclude that the required "reasonable efforts to maintain [the information's] secrecy" were undertaken as required by O.C.G.A. § 10-1-761(4)(B). Plaintiffs fail to allege any facts which show how this information was kept confidential in relationships with others who might have access to all our part of the information, e.g., wholesale distributor customers, retail customers, potential customers, suppliers, credit reporting bureaus, and contractors. Further, Plaintiffs allege that KEG is an affiliated company of KEGmbH, a German company also primarily owned and managed by Plaintiff Horger ("KEG Germany"). Yet, Plaintiffs fail to allege that the allegedly misappropriated information was not shared with or provided to KEG Germany and Plaintiffs fail to allege that KEG Germany's employees were at any time bound by contractual confidentiality provisions regarding this information.   Significantly, Plaintiffs allege in Paragraph 42 of the Complaint that Mr. Laimer used this information to KEG's detriment after he left KEG, yet KEG pleads no facts which support the conclusion that KEG made any attempts with its new employees or representatives who replaced Mr. Laimer to continue to keep this information confidential or a secret.

Plaintiffs' Complaint need only be deficient in one of the three foregoing elements to fail to state satisfy the statutory definition of a "trade secret." However, as shown above, Plaintiffs' Complaint is deficient in each of the

foregoing areas, and Plaintiffs claim in Count V for misappropriation of trade

secrets fails as a matter of law and should be dismissed.

III.   **Plaintiffs Voluntarily Sought The Sanction Of Default Against the**
       **Laimer Defendants And If Plaintiffs Choose To Proceed**
       **Thereunder, Plaintiffs  Must Accept the Consequences of Their**
       **Deficient Pleadings.**

As aptly recognized by <u>Pitts v. Seneca Sports, Inc.</u>, <u>supra,</u> a default changes

the Court's standard of scrutiny of a plaintiff's pleadings.  When a motion to

dismiss is made at the outset of a case, an evidentiary trial on the merits is

assumed, and, pretermitting allegations of fraud, all a plaintiff need do is provide

notice to the defendant of the type of claim asserted and the general nature thereof.

Plaintiff is then given the benefit of the doubt that evidence sufficient to support

that pleading will be adduced at trial.  The defendant will then be allowed an

opportunity to rebut that evidence at trial.  On a default, however, the situation is

much different.  Liability is established by the default, and the defendant is not

entitled to contest liability at the damages hearing.  Further, the defaulting

defendant is not even entitled to a jury trial at the damages hearing.  Accordingly,

the standard for the plaintiff seeking the default is raised  -- simply because the

plaintiff's pleadings may have notified the defendant of the claim, it does not

necessarily follow that there is an absolute confession of liability on that claim by

the defaulting defendant.  Rather, each of the plaintiffs' claims should be carefully

scrutinized by the court to see if they set forth a cause of action on which a sound judgment may be based and damages may be awarded.

Default is a <u>sanction</u> that was willingly and voluntarily applied for by the Plaintiffs in this case.   Before seeking this sanction, Plaintiffs bore the burden of assuring themselves that their pleadings adequately stated a cause of action on each and every count, which the pleadings clearly do not.   Plaintiffs obviously could have proceeded in this case without applying for a default.  Given their deficient pleadings, however, Plaintiffs now have two choices: (1) one they can proceed with their default and be bound and limited by their deficient pleadings, or (2) they can amend their Complaint and later supplement their pleadings with evidence of liability at trial.  Plaintiffs, however, cannot  have it both ways.

Conclusion

For the foregoing reasons, the Laimer Defendants respectfully request that the Court dismiss Plaintiffs' Patent Infringement claims in Count I and the misappropriation of trade secret claims in Count V against the Laimer Defendants.

Respectfully submitted, this 16th day of December 2005.

**BYRNE, DAVIS & HICKS, P.C.**


By:/s/John H. Patteson, Jr.
   John H. Patteson, Jr.
   Georgia Bar No.: 566530


Attorneys for the Laimer Defendants


Tower Place 100, Suite 1460
3340 Peachtree Road, NE
Atlanta, Georgia 30326
Phone: (404)364-1460
Fax: (404)266-7272

## CERTIFICATION

    I hereby certify that this document was typed in Times New Roman, 14 point as allowed by Local Rule 5.1 (C).


By:/s/John H. Patteson, Jr.
   John H. Patteson, Jr.
   Georgia Bar No.: 566530

17

## Certificate of Electronic Service

I hereby certify that the foregoing **BRIEF IN SUPPORT OF LAIMER DEFENDANTS' MOTION TO DISMISS PATENT INFRINGEMENT AND MISAPPROPRIATION OF TRADE SECRETS CLAIMS** was served on counsel of record through filing in the CM/ECF system.

This 16th day of December, 2005.

By:/s/John H. Patteson, Jr.
John H. Patteson, Jr.
Georgia Bar No.: 566530